**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phoenix Pumps, Inc., | No. CV 09-01158-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Moyno, Inc., an Ohio corporation; Robbins & Myers, Inc., an Ohio corporation; John Does I-X; Jane Does I-X; ABC Partnerships I-X; and XYZ Corporations or other entities I-X, | |
| Defendants. | |

Currently pending before the Court is Defendants Moyno, Inc. and Robbins & Myers, Inc.'s ("Defendants") Motion to Dismiss or in the Alternative, to Transfer. (Dkt. #6). After reviewing the pleadings, and determining that oral argument is unnecessary, the Court issues the following Order.

**I.  Factual and Procedural Background**

Phoenix Pumps, Inc. ("PPI") is a family-owned Arizona-based corporation that primarily sells industrial, construction, and municipal pump equipment and provides pump-repair services. Moyno, Inc. ("Moyno") is a pump manufacturer located on Ohio. In 1996, PPI contracted with Moyno to become a distributor of Moyno industrial progressive-cavity pumps ("the Agreement"). The contract included a forum selection clause requiring that "[a]ny action or proceeding by either party against the other may (and if against

Manufacturer may only) be brought in the Court of Common Pleas of Clark County, Ohio, or the United States District Court for the Southern District of Ohio at Dayton, Ohio."

PPI alleges that On July 30, 2008, Robbins & Meyers, Inc. ("R&M") notified PPI of its intention to terminate PPI as a distributor of Moyno pumps, but did not give cause for its termination decision. In response, PPI states that it referred R&M to provisions of the Arizona Equipment Dealer Statute ("AEDS"), requesting that Defendants reconsider their decision. It is further alleged that on August 30, 2008, R&M responded by denying that the AEDS applied and confirming that PPI would no longer be a distributor of Moyno pumps.

On May 12, 2009, PPI brought this action in Arizona state court stating two causes of action. In its first count, Plaintiff seeks declaratory relief, praying that this Court declare: (1) whether industrial pumps constitute "equipment" under the AEDS; (2) whether the AEDS applies to the Agreement; (3) whether pursuant to the AEDS it was unlawful for Moyno to terminate the Agreement; and (4) whether the Agreement's provision requiring jurisdiction in Ohio is void with regard to claims enforceable under AEDS. In its second count, Plaintiff alleges violation of the AEDS by Defendants. On May 29, 2009, Defendants removed this case to federal court. (Dkt. #1).

**II.    Discussion**

      **A.    Motion to Dismiss**

           **I.    Legal Standard**

Defendants have moved to dismiss this action pursuant to 28. U.S.C. § 1406, arguing the forum selection clause in the Agreement must be enforced. In the Ninth Circuit, "[a] motion to enforce a forum selection clause is treated as a motion to dismiss pursuant to Rule 12(b)(3)." Doe 1 v. AOL LLC, 552 F.3d 1077, 1081 (9th Cir. 2009). Under rule 12(b)(3), the pleadings need not be accepted as true, and facts outside of the pleadings may also be considered.. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324(9th Cir.1996). The Court must "draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." Murphy v. Schneider National, Inc. 362 F.3d 1133, 1138 (9th Cir. 2004).

As a general rule, forum selection clauses are presumptively valid and should be upheld "absent some compelling reason and countervailing reason." Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). The party challenging the clause bears a "heavy burden of proof" Id. Despite this presumption, three circumstances render the enforcement of such clauses unreasonable: "first, if the inclusion of the clause in the agreement was the product of fraud or overreaching; second, if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and third, if enforcement would contravene a strong public policy of the forum in which suit is brought." Richards v. Lloyd's of London, 135 F.3d 1289, 1294 (9th Cir. 1998) (citing and quoting Bremen, 407 U.S. at 12–13, 15, 18).

**II. Discussion**

The forum selection clause in the Agreement requires that "[a]ny action or proceeding by either party against the other may (and if against Manufacturer may only) be brought in the Court of Common Pleas of Clark County, Ohio, or the United States District Court for the Southern District of Ohio at Dayton, Ohio." In opposing Defendants' motion, PPI does not substantively challenge the forum selection clause by arguing its application would be unreasonable. Instead, PPI contends that AEDS section 44-6709(B) renders the forum selection clause void.

Section 44-6709(B) states that, "[a] provision in any contract or agreement with respect to a supplier that requires jurisdiction or venue outside of this state . . . is void with respect to a claim otherwise enforceable under this chapter." The AEDS regulates conduct between suppliers and dealers of certain types of equipment, providing an independent cause of action for violation of its provisions. A.R.S. § 44-6702(A). The statute defines "equipment" as "machines designed for or adapted and used for agriculture, livestock, grazing, light industrial and utility purposes." Id. at 44-6701(2). The Parties agree "that there are no published opinions interpreting whether pumps are equipment under the [AEDS]," (Dkt. #7, p.3), and, based on their papers, clearly disagree about how the questions

- 3 -

should be answered. The plain language of section 44-6709(B), however, is clear; if a claim is enforceable under AEDS, a forum selection clause between the parties is unenforceable.

In the specific context of this case, however, making such a determination is problematic. In arguing, that section 44-6709(B) precludes enforcement of the forum selection clause, Plaintiff has put the cart before the horse, admitting that Arizona courts have not yet determined if its claim is enforceable under AEDS, but asking this Court to refuse to apply what appears to be an otherwise valid forum selection clause based on the enforceability of its claim. By challenging the forum selection clause in this manner, Plaintiff would require this Court to decide what Plaintiff has labeled as "the fundamental question in this declaratory action;" whether pumps are equipment such that AEDS applies to the Agreement. (Dkt. #7, p.9). This it will not do.

Instead, the Court finds that Plaintiff has not met its "heavy burden of proof" to show why the forum selection clause should not be enforced. Bremen, 407 U.S. at 10. While it is true that Arizona has expressed a public policy desire that forum selection clauses are void in claims enforceable under AEDS, the parties admit that it is an open question concerning whether pumps fall within the definition of equipment under AEDS; indeed, it is the very subject of this lawsuit. Until that question is answered, Defendants should receive the benefit of the forum selection clause for which they bargained. If a court later determines that pumps are not equipment and AEDS does not apply, then Defendants will have received that benefit; an outcome which comports with Arizona's longstanding public policy in favor of the enforcement of forum selection clauses. See Societe Jean Nicolas Et Fils v. Mousseux, 123 Ariz. 59, 61 (1979) (noting that "a forum selection clause that is fairly bargained for and not the result of fraud will be enforced so long as to do so is reasonable at the time of litigation and does not deprive a litigant of his day in court."). Should, however, an Ohio court determine that pumps are equipment under AEDS, nothing would prevent Plaintiff from filing a motion to transfer and taking advantage of the protections afforded by section 44-6709(B). Additionally, Plaintiff's concern that an Arizona court, not an Ohio court, should interpret Arizona law is unfounded. An Ohio federal district court is equally capable

as this Court of interpreting an Arizona statute. Federal courts are routinely called upon to interpret and apply the law of states besides the ones in which they sit.

**Accordingly,**

**IT IS HEREBY ORDERED** granting Plaintiff's Motion to Dismiss without prejudice. (Dkt. #6).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 8th day of February, 2010.

Mary H. Murguia
United States District Judge